IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 18-cv-02136 |
| v. | ) ) | Judge |
| ILLINOIS VALLEY GLASS AND MIRROR, INC., an Illinois corporation, | ) ) ) | Magistrate Judge |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of the Pension Fund's present trustees, allege as follows:

### JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is

also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Illinois Valley Glass and Mirror, Inc. ("Illinois Valley Glass") is a corporation organized under the laws of the State of Illinois. Illinois Valley Glass is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8. Local Union No. 627 ("Local 627") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Illinois Valley Glass and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Illinois Valley Glass and Local 627 have been parties to a collective bargaining agreement pursuant to which Illinois Valley Glass has been required to make contributions to the Pension Fund on behalf of certain of its covered employees.

10. Illinois Valley Glass is bound by the terms of the Pension Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

11. Under the Trust Agreement, Illinois Valley Glass was required to "remit continuing and prompt contributions to the [Pension Fund] as required by the applicable collective bargaining agreement . . ."

> The Pension Fund's Trust Agreement provides that:
>
> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for Employer contributions owed to this Fund shall include the

greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer contributions. The interest rate after entry of a judgment against an Employer for Employer contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

## **STATUTORY AUTHORITY**

12. Section 515 of ERISA , 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

13. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of--

   (i)    interest on the unpaid contributions, or

   (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be

      permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

    For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## **STATUTORY AND CONTRACTUAL VIOLATIONS**

14.  The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

15.  Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Pension Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employer. If no changes are reported by the employer, the Pension Fund assumes that the same employees are still working and bills the employer accordingly.

16. Illinois Valley Glass last reported work history for its covered employees to the Pension Fund for the week ending December 26, 2015, and has not since reported any changes in the employment status of individuals covered by the collective bargaining agreement.

17. Based upon the employee work history previously reported to the Pension Fund by Illinois Valley Glass and the assumptions made by the Pension Fund thereafter based upon Illinois Valley Glass not reporting changes in work history (as described in ¶¶ 15-16, *supra*), Illinois Valley Glass has breached the provisions of ERISA, the collective bargaining agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Pension Fund for the period of April 30, 2017 through February 24, 2018.

18. Despite demands that Illinois Valley Glass perform its statutory and contractual obligations with respect to making contributions and interest payments to the Pension Fund, Illinois Valley Glass has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 17.

19. Illinois Valley Glass owes the Pension Fund $6,910.10 for unpaid contributions (not including interest) for the period of April 30, 2017 through February 24, 2018 as a result of the conduct set forth in paragraph 17.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(i) the unpaid contributions owed to the Pension Fund by Defendant;

(ii) interest on the unpaid and untimely paid contributions computed and charged at the greater of (a) an annualized interest rate equal to two

    percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

  (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

  (iv) attorney's fees and costs.

 (b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

 (c) For such further or different relief as this Court may deem proper and just.

      Respectfully submitted,

      */s/ Matthew B. Wesley*
      Matthew B. Wesley (ARDC #6327766)
      CENTRAL STATES FUNDS
      Law Department
      9377 W. Higgins Road, 10th Floor
      Rosemont, Illinois 60018
      847-777-4035